UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SUSAN B. NISSENBAUM, individually,

        Plaintiff,

v.

NAMCAL, LLC, a Nevada Limited Liability Company, d.b.a., THE CAL NEVA RESORT; et al.,

        Defendants.

3:11-CV-00253-LRH-WGC

ORDER

Before the court is Defendants Canyon Capital Realty Advisors, Canpartners Realty Holding Company IV, LLC, and Richard Bosworth's (collectively "Canyon Defendants") Motion to Dismiss Plaintiff's Complaint (#5[1]). Plaintiff Susan Nissenbaum filed an opposition (#9), and Canyon Defendants replied (#10).

Also before the court is Canyon Defendants' Motion to Strike Plaintiff's First Amended and Supplemental Complaint (#16). In response, Plaintiff filed an Opposition and, in the Alternative, Motion for Leave of Court to File First Amended and Supplemental Complaint (#18), to which Canyon Defendants replied (#19).

---

[1] Refers to the court's docketing number.

## I.  Facts and Procedural History

On April 8, 2011, Plaintiff filed her initial Complaint (#11), naming 17 defendants and alleging a single claim for lost wages under the Equal Pay Act of 1963 ("EPA"). However, Plaintiff also referenced a potential claim of gender discrimination under Title VII. On January 12, 3011, the EEOC had issued a right to sue letter on the EPA claim, thus requiring timely action by Plaintiff. As to the Title VII claim, however, the EEOC was still investigating and did not issue a right to sue letter until June 29, 2011.

On June 24, 2011, service was accomplished on each of the three Canyon Defendants. On July 26, 2011, they moved to dismiss the complaint. The motion was fully briefed and became ripe for review on August 22, 2011.

On September 8, 2011, Plaintiff filed a First Amended and Supplemental Complaint (#13) without either the opposing parties' consent or an accompanying motion for leave of court, as required by Federal Rule of Civil Procedure 15(a)(2). The amended complaint would change a party's name, add Plaintiff's aforementioned gender discrimination claim, add seven factual allegations regarding a joint employer theory of liability, and attach two related exhibits.

On September 26, 2011, the Canyon Defendants moved to strike the amended complaint on the grounds that the filing occurred beyond the 21-day period for amending the complaint as of right under Rule 15(a)(1). In response, Plaintiff opposed the motion and, in the alternative, moved for leave of court to file the amended complaint, which the Canyon Defendants oppose.

## II.  Discussion

As the Canyon Defendants argue in their motion to strike, the filing of Plaintiff's amended complaint was procedurally improper as beyond the time period for amendment as of right and without the opposing parties' consent or prior leave of court. *See* Fed. R. Civ. P. 15(a)(1)-(2). The court rejects Plaintiff's argument that under Rule 15(a)(1)(A) ("21 days after serving it") the 21-day period for amendment as of right does not begin to run as to already-served defendants until all

2

defendants have been served. Insofar as the amendments affect the Canyon Defendants, leave to amend as of right was limited to 21 days following service or the filing of their motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(A)-(B).

Nonetheless, the court will grant Plaintiff's motion for leave to file the amended complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Considering the circumstances of this case, including the EEOC's issuance of right to sue letters at different times, the court finds that the interests of justice and judicial economy will be served by having all allegations, claims and properly-named parties before the court. Furthermore, while Plaintiff has made several procedural missteps, the court finds no bad faith or prejudice to the Canyon Defendants in allowing leave to amend at this early stage.

As the amended complaint supersedes the original complaint in its entirety, the Canyon Defendants' motions to dismiss the original complaint is now moot. The court shall deny the motion without prejudice because the Canyon Defendants have not yet had the opportunity to respond to the new allegations and claims in the amended complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to amend is GRANTED. The Clerk of Court shall re-file Plaintiff's First Amended and Supplemental Complaint (#13), effective this date.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#5) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendants' Motion to Strike (#16) is DENIED.

IT IS SO ORDERED.

DATED this 20th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE