UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SUSAN B. NISSENBAUM, individually, | ) |
| Plaintiff, | ) |
| v. | ) 3:11-CV-00253-LRH-WGC |
| NNH CAL NEVA SERVICES CO., LLC, a Delaware Limited Liability Company; NAMCAL, LLC, a Nevada Limited Liability Company, d.b.a., THE CAL NEVA RESORT SPA & CASINO; NAMWEST, a Nevada Limited Liability Company; SENTRY HOSPITALITY, a Foreign Limited Liability Company; SENTRY HOSPITALITY OF NEVADA, a Foreign Limited Liability Company; CANYON CAPITAL REALTY ADVISORS, a Foreign Corporation; CANPARTNERS REALTY HOLDING COMPANY IV, LLC, a Delaware Limited Liability Company; SWB ENTERPRISES, LLC, an Arizona Limited Liability Company; EZRI NAMVAR, an individual; SEAN NAMVAR, an individual; JOHN HAROUNIAN, an individual; MIKE MCBRIDE, an individual; JIM HENRIE, an individual; WILLIAM H. JACKSON, an individual; MARK MAGARITY, an individual; RICHARD BOSWORTH, an individual; and DOES I-XX, | ) ORDER |
| Defendants. | ) |

Before the Court is Plaintiff Susan B. Nissenbaum's ("Nissenbaum") Motion to Vacate

Writ of Execution. Doc. #94. Defendants NHH Cal Neva Services Co., LLC ("NHH") and

Canyon Capital Realty Advisors and Canpartners Realty Holding Company IV, LLC (together the "Canyon Entities") filed a Response (Doc. #95), to which Nissenbaum did not reply.

## I.     Procedural History

On November 22, 2013, the Court entered judgment in favor of Defendants NHH and the Canyon Entities and against Nissenbaum.  Doc. #81; Doc. #83.  As the prevailing parties in the litigation, NHH and the Canyon Entities submitted a Bill of Costs on December 6, 2013.  Doc. #86.  A Certificate of Service was filed with the Court on December 10, 2013, wherein an employee of Lewis Roca Rothberber, LLP certified that the Bill of Costs (Doc. #86) was served on Nissenbaum at "570 Terracino Way, Reno, NV 89521."  Doc. #87.  This is the same address that the Court has on file for Nissenbaum and the same address that Nissenbaum has provided to the Court on a prior occasion.  *See* Doc. #84 (Nissenbaum's consent to her attorney's withdrawal is evidenced by her signature, which appears above her name and the address "570 Terracino Way, Reno, NV 89521").

On February 4, 2014, after having received no objections, the Clerk of the Court taxed the costs set forth in the Bill of Costs against Nissenbaum.  Doc. #88.  On March 3, 2013, NHH and the Canyon Entities sought and received a Writ of Execution from the Clerk of the Court.  Doc. #90; Doc. #91.  On March 18, 2014, Nissenbaum submitted a letter to the Clerk of the Court bearing the address "570 Terracina Way, Reno, NV 89521."  Doc. #92.  On March 28, 2014, Nissenbaum filed the present Motion to Vacate Writ of Execution before the Court.  Doc. #94.

## II.    Discussion

In her Motion, Nissenbaum argues that she: (1) never received proper service of the Bill of Costs, and therefore (2) did not have the opportunity to dispute the same.  Doc. #94, pp. 1-2.  The Court disagrees.  Nissenbaum was properly served on December 10, 2013, at the address she provided to the Court for purposes of this litigation.  It is not the Court's or Defendants' responsibility to ensure the accuracy of her address.  Because Nissenbaum failed to object within fourteen (14) days after service of the Bill of Costs in accordance with Local Rule 54-13, her Motion to Vacate Writ of Execution is denied.

### III. Order to Show Cause

On February 27, 2014, the Court ordered Nissenbaum to show cause, within twenty (20) days, why the Court should not dismiss her remaining claims against NAMCAL, LLC, d.b.a. The Cal Neva Resort Spa & Casino ("NAMCAL") and Sentry Hospitality of Nevada ("Sentry") pursuant to Federal Rule of Civil Procedure 41(b), which expressly recognizes the authority of federal trial courts to dismiss a plaintiff's action for failure to prosecute. *See* Doc. #89; *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (clarifying that courts may act on their own initiative "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). Nissenbaum failed to comply with the Court's February 27, 2014 Order. Accordingly, the Court dismisses with prejudice Nissenbaum's remaining claims against Defendants NAMCAL and Sentry.[1]

IT IS THEREFORE ORDERED that Nissenbaum's Motion to Vacate (Doc. #94) is DENIED.

IT IS FURTHER ORDERED that Nissenbaum's claims against Defendants NAMCAL and Sentry shall be DISMISSED with prejudice. The Clerk of the Court shall enter judgment in favor of Defendants NAMCAL and Sentry and against Plaintiff Nissenbaum.

IT IS SO ORDERED.

DATED this 6th day of May, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] As Defendants NHH and the Canyon Entities point out, Nissenbaum is likely confusing the Entry of Clerks Default that she obtained against Defendants NAMCAL and Sentry pursuant to Federal Rule of Civil Procedure 55(a) for failure to plead or otherwise defend an action (Doc. #52) with a default judgment against Defendants NAMCAL and Sentry. While the Court is sympathetic to the fact that Nissenbaum is now proceeding *pro se*, she is still required to follow the rules of procedure and the Court's orders, as if she were represented by counsel. *See Sipes v. Galazy Airlines, Inc.*, 119 F.R.D. 691, 693 (D. Nev. 1988); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("[p]ro se litigants must follow the same rules of procedure that govern other litigants"), *overruled on other grounds*.